WHISLER, Respondent, v. BRAGG, Appellant.

1. A. on the 22d of August, 1850, executed his non-negotiable promissory note to B. for one hundred and six dollars, payable six months after date. B. on the 25th of August, 1850, assigned said note to C. by the following endorsement: "For value received, I assign the within note to C. [Signed] B." The consideration of the assignment was a horse of the value of eighty dollars. At the date of the assignment A. was and since has been insolvent. *Held*, that the measure of damages in a suit by the assignee against the assignor is the consideration paid for the assignment with interest from the date of the assignment; that, the maker being insolvent at the date of the assignment, the cause of action accrued against the assignor from that date; that such cause of action would be barred by limitation in five years.

*Appeal from St. Louis Law Commissioner's Court.*

The facts sufficiently appear in the opinion of the court.

*Hayden*, for appellant.

I. The action was not upon the note itself but upon the assignment. It was not a direct promise to pay money but an implied undertaking by the assignor to pay if the maker did not, provided due diligence be used by the assignees in coercing or trying to coerce payment from the maker. (Stone v. Corbitt, 20 Mo. 353.) The statute of limitations was therefore well pleaded, and was a bar to this action. The defendant being liable only as assignor, and in no event liable till the insolvency of the maker and the assignee's due diligence was shown, it was error to allow interest from the date of the assignment.

*Decker & Voorhis*, for respondent.

I. The cause of action on the note and assignment accrued on the 25th or 26th of February, 1851. The statute of limitations was no bar. The action was upon a writing for the payment of money. The fact that the writing, by construction of law, has a condition attached to it does not change the substance of the thing or act he undertakes to do. The case of Stone v. Corbitt, 20 Mo. 353, is not in point. There

it was a question of amount as fixing the jurisdiction of the justice. There is no question made as to the diligence of the assignee. The court found as a question of fact that he had used due diligence. The maker of the note is both insolvent and a nonresident. (R. C. 1855, p. 323, § 6.) The court properly allowed interest on the value of the consideration of the assignment from the date of its payment. (11 Mo. 616; 23 Mo. 437.)

Scott, Judge, delivered the opinion of the court.

Charles Walker, on the 22d of August, 1850, executed his promissory note to A. G. Bragg for one hundred and six dollars, payable six months after date. The note was a nonnegotiable one, and on the 25th August following it, for value received, was assigned to the plaintiff Whisler. The petition alleges that Walker was at the date of the assignment, and ever since has been, insolvent. This suit was by the assignee against the assignor. The consideration for the assignment was a horse worth eighty dollars. There was a judgment for the plaintiff.

Two questions were raised on the trial. 1st. Whether interest was allowable on the value of the consideration received. 2d. Whether the limitation of five years barred the action.

In the states where paper of the character of that which we are now considering is made assignable, and the assignee is permitted to sue in his own name, it is well settled that if the assignee brings suit against the maker and fails to make the debt, he has a recourse against the assignor, and the measure of damages in such action is the consideration paid for the assigned note with interest from the date of the assignment. (Davis v. Harrison, 2 J. J. Marsh. ——; Oldham v. Turner, 3 B. Mon. 67; Elliot, v. Threlkeld, 16 B. Mon. 343.)

As to the question arising on the statute of limitations: The first and second sections of the second article of the act

9—VOL. XXXI.

prescribing the terms for bringing actions (and similar provisions are contained in the act of 1849) directs that actions upon any writing, whether sealed or unsealed, for the payment of money or property, shall be commenced within ten years after the causes of action shall have accrued. The assignment is in these words : " For value received, I assign the within note to John Whisler. [Signed] A. G. Bragg." Can this be said to be a note in writing for the payment of money or property ? If the assignor was liable to the assignee for the face of the note, it might with some plausibility be maintained that it was such a note, for then there would be some certainty as to the terms of the contract. But in Kentucky, whence we derive our statute concerning the assignment of bonds and notes, it has been held that in an action by the assignee against the assignor the consideration for the transfer of the note must be stated, as the value of that consideration with interest is the measure of the recovery in such actions. (Duncan v. Littell, 2 Bibb, 424 ; Elliot v. Threlkeld, 16 B. Mon. 343.) Accordingly, the plaintiff, in his petition, has set out the consideration he paid for the note, which was property. The assignment of itself does not give or evidence a cause of action against the assignor. It is not made with any such view. Its object is to pass the title to the instrument. After that is done, then upon an extrinsic fact the cause of action arises. The assignment of the note is only the inducement to the action. But if the assignment is a contract, how can it be said to be in writing, when the most important part of it rests in parol. It is neither a contract for the payment of money nor of property ; but, from the fact that the assignment has been made and the occurrence of other events, a right has accrued to recover damages that can only be ascertained by first finding out the consideration that was given for the transfer of the note.

The plaintiff in his petition alleged that the maker of the note was insolvent at the time of the assignment and has continued so ; if that be the case, then the cause of action

under our statute accrued from the date of the assignment, and as more than five years had. elapsed from that time till the bringing of the action the plaintiff is barred.

Reversed and remanded.   The other judges concur.