THE SINGER MANUFACTURING COMPANY v. LITTLER ET AL.

1. **Guaranty:** WHEN A CONTINUING OBLIGATION: NOTICE. The guarantors of a contract which may be terminated at the pleasure of either party, and on which their liability is a continuing one and liable to be increased and diminished at different times, have a right to notice of the amount thereof within a reasonable time after the termination of the contract.

2. ———: WHO ARE GUARANTORS. The sureties on the bond of an agent for the sale of sewing machines, conditioned that such agent will account for all money and property coming into his hands, are guarantors within the meaning of the above rule.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, OCTOBER 5.

ACTION AT LAW. The cause was tried to the court below without a jury, and judgment was rendered for defendants. Plaintiff appeals. The facts of the case appear in the opinion.

*D. F. Miller* and *H. B. Hendershott*, for appellants.

*William McNett*, for appellees.

BECK, J.—I. The action is upon a bond executed by Littler as principal, and the other defendants as sureties, conditioned that Littler shall pay to plaintiff all his indebtedness to it, existing or afterward to exist, whether upon notes, accounts, or in any other manner. The petition alleges that Littler became agent of plaintiff for the sale of sewing machines, and the bond in suit was executed, when he was appointed, to secure plaintiff from loss that might accrue on account of his employment. The petition alleges that Littler became delinquent in his payments and executed a note to plaintiff, upon which a judgment was afterward rendered, for the amount of his indebtedness.

The sureties answered the petition alleging that Littler and the plaintiff entered into an agreement whereby Littler became plaintiff's agent, and became bound to pay to plaintiff money upon the sales of sewing machines or upon the indorsement of paper taken upon such sales as stipulated in the agreement. The agreement provides that either party may terminate the contract at their pleasure. Other conditions need not be set out.

The answer further alleges that plaintiff had terminated Littler's agency before the note was executed by him, and that the defendants had no notice at any time that Littler was in default, or that any claim was made by plaintiff against them upon the bond. Upon a demurrer to this answer the

court held that the defendants were entitled to notice of the amount due from Littler within a reasonable time after the settlement between him and plaintiff. The court found upon the trial that no such notice was given to the defendants, wherefore they suffered loss, and that plaintiff, therefore, is not entitled to recover.

II. The controlling question in the case, and the only one argued by counsel, involves the correctness of the court's

1. GUARANTY: when a continuing obligation: notice.

ruling in holding that defendants are not liable for the reason that notice was not given them of the extent of Littler's liability within a reasonable time after his agency was terminated and his indebtedness fixed by his settlement with plaintiff. The ruling of the court we think is correct, and in accord with *Davis Sewing Machine Company v. Mills et al.*, 55 Iowa, 543. We held in that case "where the guaranty is a continuing one, and the parties must have understood their liability thereunder would be increased and diminished from time to time, and the guaranty is uncertain as to when it will cease to be binding upon the guarantor, and when the party indemnified has the power at pleasure to annul and put an end to the contract guaranteed, without the knowledge of the guarantor, he is entitled to notice, within a reasonable time after the transactions guaranteed are closed, of the amount of his liability thereunder." It will be observed, upon considering the statement of the terms of the contract guaranteed as above set out, that they are within this rule, and that under it the defendants in this case are not liable in the absence of the notice contemplated therein.

III. But counsel for plaintiff in an ingenious argument attempt to distinguish this case from *Davis Sewing Machine*

2. ———: who are guarantors.

*Company v. Mills et al.* They insist that while the contract in that case was a guaranty, in this case defendants are not guarantors, but are sureties for Littler, and are jointly liable with him upon an original contract. The error of this position is apparent. Littler was, or was

about to become, indebted to plaintiff upon the contract under which he was appointed agent. Defendants were not bound upon that contract; neither were they bound upon the notes, accounts, acceptances, or upon any contract upon which Littler became indebted to plaintiff. They became first and only bound upon the bond, whereby they guaranteed that Littler would pay his indebtedness to plaintiff in whatever form it assumed. A guarantor becomes bound for the performance of a prior or collateral contract upon which the principal is alone indebted; a surety is bound with the principal upon the contract under which the principal's indebtedness arises. This is a familiar doctrine of the law. Upon applying it to the facts of the case it will be seen that defendants are guarantors, and not sureties, for the performance of the contract upon which Littler's indebtedness to plaintiff arose. They were therefore entitled to notice under the rule of *Davis Sewing Machine Company v. Mills et al.*

It may be observed that guarantors are often called sureties. We use the term sureties in the foregoing discussion to describe one who is bound by a contract with his principal —who joins with his principal in the execution of the contract, and becomes pecuniarily liable thereon. But, as we have seen, a guarantor, the surety in a contract of guaranty, is not primarily liable upon the principal's contracts, and only becomes liable upon his default. A guarantor under this rule is entitled to notice of the amount of his liability within a reasonable time after that liability is determined by the transaction between the original debtor and creditor. It is our opinion that the judgment of the Circuit Court ought to be

AFFIRMED.