### GRAHAM vs. ROBERSON.

An endorsement of a promissory note past due for a valuable consideration is a new contract, and the statute of limitations begins to run in favor of the endorser only from the date of the endorsement.

(a) The right of an endorser to limit his liability by express stipulation in his endorsement, or to notify the endorsee to sue the principal within three months, does not apply to this case, and neither right was sought to be exercised.

May 9, 1887.

Promissory Notes.    Endorsement. Statute of Limitations.    Before Judge SYMMES.    Appling Superior Court. October Term, 1886.

Reported in the decision.

E. D. GRAHAM, Jr., by brief, for plaintiff in error.

G. J. HOLTON & SON, by brief, for defendant.

HALL, Justice.

The note on which this action is instituted was dated on the 30th day of June, 1873, and was due and payable one

day after date. It was made by John Overstreet to E. D. Graham, who endorsed it in blank and passed it to the party from whom the plaintiff obtained it. The suit was commenced on the 11th day of November, 1884. Both the maker and endorser pleaded the statute of limitations. On the trial, the plea was sustained as to the maker, but not as to the endorser. It appeared from the evidence that the payee endorsed this note long after its maturity, on the 9th day of June, 1879, and within less than twenty-five days of the time when it would have been barred by the statute of limitations. In the absence of proof to the contrary, it must be presumed that the paper was negotiated by endorsement in the fair and usual course of trade, and for a valuable consideration.

The court instructed the jury: "If they found from the evidence that six years had not elapsed between the time of the endorsement of the note and the commencement of the action, then it would be their duty to return a verdict against the endorser and in favor of the plaintiff for whatever amount appeared to be due upon the note." This charge makes the question pointedly whether, as against the endorser, the statute commenced running from the maturity of the note, or from the date of the endorsement. The court, as we have seen, decided that it commenced from the latter period; and after mature deliberation, we are satisfied that this ruling, both upon principle and authority, was correct. As between the endorser and endorsee, this was a new contract, founded upon a valuable consideration, by which the endorser became liable (code, §2780) "to pay the money, if the parties to the instrument primarily liable thereon failed to pay according to the terms thereof; and hence, if there are several endorsers, each is liable to subsequent ones in the order of their endorsement."

The liability of an ordinary endorser is greater than that of a surety The latter becomes bound simply for the accommodation of his principal, and receives no consider-

ation for the favor he bestows. He is bound only to the same extent as his principal, and whatever defence the principal succeeds in making inures to the benefit of the surety, whose undertaking is identical with that of the principal. By signing the paper, he enters into no new or different contract to the payee from that into which his principal has entered. Their obligation is generally contemporaneous, and is joint, or it may be both joint and several. But with an endorser it is different; he usually receives a consideration for his promise. If the note he endorsed is for any cause invalid, he is nevertheless bound; as, for instance, if it is without consideration, or is founded upon a gaming or usurious consideration, or was forged, he would be liable on his endorsement, notwithstanding the principal might on that account be released from its payment; or if, when he endorsed this paper, it had been barred by the statute of limitations, and no action could have been maintained on it against the maker, he would nevertheless have been bound by his contract to pay the money it was made to secure, according to its terms and stipulations.

The party in this instance might have entitled himself to the defence set up, if, at the time of entering into the engagement, he had stipulated that the suit should be instituted against the maker before the bar of the statute attached, or he might have limited his liability by express stipulation in his endorsement. Code, §2777. Or he might have paid the note and controlled it, so as to enable him to bring and prosecute the suit in his own name, or if the paper endorsed had had three months to run before the statute bar attached, he might have protected himself by notifying the endorsee to sue the principal. Code, §2156. In this case, however, there was not sufficient time to have made the notice available.

The authority derived from text-writers and the few cases we have been able to find, or to which our attention has been called, sustains this view of the question.

In Wood's Limitation of Actions (p. 305, §134), it is said : "The indorsement of a bill after it is dishonored creates a new contract as to the indorser and indorsee. Thus, if A is the holder of a dishonored bill, and three years afterwards he indorses it to B, while the indorser must sue the acceptor within the six years from the time when the bill matured, yet he has six years from the date of the indorsement in which to sue A. The reason for this rule is, that by the indorsement, the indorser con tracts to pay the bill if the acceptor does not; and as the indorsement creates a new contract between him and the indorser, it outlives the validity of the bill as to the other parties, and the statute only begins to run from the date of indorsement, because that is the time when the right of action accrues against the indorser."

The facts in *Brian, ex'r, et al. vs. Banks*, 38 *Ga.* 300, raised the point in dispute here. Two of the members of the court held that the statute did not bar the action against either the principal or the endorser. In this judgment, Brown, C. J., concurred for special reasons, among which was the following, viz: "An endorsement of a promissory note past due, for a valuable consideration, is a new contract, and the statute of limitations begins to run in favor of the indorser only from the date of the endorsement." This conclusion is, in our judgment, necessarily deducible, not only from reason and principle, but results from the various provisions of our code applicable to the subject.

Judgment affirmed.