JAMES H. MASON v. THOMAS KILCOURSE.

Submitted June Term, 1904—Decided November 7, 1904.

1. The certificate of a notary public of the protest, after due presentment and dishonor of a promissory note, is only admissible in evidence as to the facts therein certified, when a copy of such certificate has been annexed to the declaration, demand or other pleading in the cause, pursuant to section 21 of "An act concerning evidence," revision of 1900; and not then when the opposite party shall give notice with his plea or other pleading that he intends to dispute the fact of due presentment and dishonor.

2. But, when such certificate is evidential under the statute, it will not be held sufficient to charge the endorser if it fails to show upon its face that proper presentment was made and due notice of dishonor given.

3. A payment on account of an overdue promissory note by the
maker thereof will not remove the bar of the statute of limita-
tions in a suit commenced against the endorser within six years
after such payment, but more than six years after the liability of
the endorser became fixed.

On appeal from District Court.

Before Justices FORT and REED.

For the plaintiff, *John J. Crandall.*

For the defendant, *Charles C. Babcock.*

The opinion of the court was delivered by

FORT, J. This was an action against an endorser of a
promissory note. The note was dated October 1st, 1896,
payable four months after its date, and was for $150. When
the note came due it was protested for non-payment. On the
10th of August, 1901, the maker paid $75 upon the note.
This case is brought to recover the balance. There was no
controversy about the signatures.

The judgment in the District Court was for the defendant,
and it is contended in this court that the judgment should
be sustained, for several reasons. There was no proper proof
of protest and notice thereof to the defendant. The certificate
of the notary was offered in evidence in the cause and ad-
mitted. This is permissible only when a copy of the notarial
certificate is annexed to the state of the demand filed in the
cause. *Pamph. L.* 1900, *p.* 367, § 21. No copy of such
certificate was annexed to the demand in this case.

The defendant in this cause filed a plea in the District
Court and stated that his defence would be the statute of
limitations, and that the note set forth in the plaintiff's
declaration had not been legally protested. The notarial
certificate, which was admitted in evidence in this cause and
which is returned in the record, even if it had been evidential,
does not establish the requisites of a good protest. It does

not show in what post-office the notice to the defendant was deposited, nor does it show to what post-office address the letter said to contain the notice was directed to the defendant. The defendant, therefore, was entitled to have the offer in evidence of the notarial certificate overruled, and, for failure of proof of protest which would have resulted from the overruling of this offer, he would have been entitled to a nonsuit. But upon the certificate itself, it not showing proper notice, even if it had been properly admitted in evidence, he was likewise entitled to his motion for a nonsuit.

But as the case has been tried and is here upon its merits, we think the judgment upon the merits was also right. The contract of endorsement is an independent contract, contingent in character, to become absolute upon the failure of the maker to pay the note at maturity, and upon proper protest and notice thereof to the endorser. The contract of the maker and the endorser, after such non-payment and protest, is several, not joint. A payment on account by the maker will not take the case out of the statute of limitations against the endorser.

In *Parker* v. *Butterworth,* 17 *Vroom* 244, it was held that a payment by one joint promisor will not remove the bar of the statute of limitations as against a co-promisor, in whose favor the statute has attached at the time of the payment.

*Whitcomb* v. *Whiting,* 2 *Doug.* 652, was followed in this court in Parker *v.* Butterworth, and the extent of the holding in that case was that a payment by a joint and several promisor made before the note is outlawed, is a good payment as against all and revives the note for six years from such payment; but a payment by such a joint promisor after the statute has attached, will not revive the note as against other joint and several promisors.

In *Casebolt* v. *Ackerman,* 7 *Vroom* 169, it was held that one partner, paying upon a partnership debt which had become outlawed, could revive the obligation against the partnership. This case followed the decision of this court in *Merritt* v. *Day,* 9 *Vroom* 32.

The principle of this case is, however, not within any of these cases. A payment by one of several promisors will not revive an obligation as against the bar of the statute of limitations as to any other party to the instrument except the promisor so paying. But an endorser is neither a joint nor a several promisor. His obligation arises out of the contract of endorsement, after default and notice, and is independent of the maker's liability, or the liability of any other endorser upon the note, and but for our statute, which authorizes an action against the maker and an endorser, or endorsers, in one suit, a suit against an endorser would have to be brought separate and apart from the maker.

The statute of limitations was a complete bar to the suit against this defendant in this case, and the judgment of the District Court is affirmed, with costs.