*J. A. Branch, W. H. Lewis,* contra.

---

### 4042.   BAGGS *v.* FUNDERBURKE.

1. A contract on the back of a promissory note, signed by one other than the payee thereof and in the following words, "For value received, we hereby guarantee the payment of the within note at maturity, or at any time thereafter, with interest at the rate of 8 per cent. per annum until paid, waiving demand, notice of non-payment and protest," prima facie imports a contract of guaranty.
2. Parol evidence is, however, admissible to show that the party signing the contract received no independent consideration, and that the contract is in fact one of suretyship.
3. An allegation that a defendant is sued as indorser of a promissory note, but that he received no independent consideration, is equivalent to an averment that he is an accommodation indorser or surety.

DECIDED MAY 22, 1912.

Complaint; from city court of Macon—Judge Hodges. December 14, 1911.

*Russell & Custer, Lane & Park,* for plaintiff in error.

*M. E. O'Neal, Hardeman, Jones, Callaway & Johnston,* contra.

POTTLE, J. This was an action in the city court of Macon, against Deal, a resident of Bibb county, and Baggs, a resident of Decatur county, upon a promissory note. The petition described Deal as the maker and Baggs as the indorser of the note. It was alleged that the indorsement of Baggs "rested upon no independent consideration." The indorsement relied on was on the back of the note, undated, and signed by Baggs, and was in the following language: "For value received, we hereby guarantee the payment of the within note at maturity, or at any time thereafter, with interest at the rate of 8.per cent, per annum until paid, waiving demand, notice of non-payment and protest." By demurrer the point was made that the contract of Baggs was one of guaranty; that the averment in the petition that he received no independent consideration was an attempt to vary the contract of guaranty, and that the city court of Macon was without jurisdiction of the cause of action, so far as Baggs was concerned. The demurrer was overruled, and Baggs excepted.

The code provides that a contract of suretyship is where one obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor. It differs from a guaranty, in that the consideration of the latter is a benefit flowing to the guarantor. Civil Code (1910), § 3538. But the test laid down in the code, to distinguish a contract of suretyship from one of guaranty, is not decisive. As with other contracts, the whole matter is governed by the intention of the parties. For instance, in the usual indemnity contracts, the parties generally intend that the indemnitor shall be surety, although he receives an independent consideration. And again, sometimes a contract will be construed to be one of guaranty, although the guarantor receives no consideration other than the benefit flowing to his principal. *Musgrove* v. *Luther Pub. Co.,* 5 Ga. App. 279 (63 S. E. 52). As a general rule, where one other than the payee undertakes to guarantee the payment of a note, and he employs apt language to evidence a contract of guaranty, the undertaking will not be con-

strued to be one of suretyship, unless the only consideration be the benefit flowing to the principal. But if the contract be made at the time the note is executed, and solely in consideration of the benefit to the principal, or if made afterwards in consideration of an extension of time to the principal, or the like, the obligation will generally be held to be that of a surety, even though words importing a contract of guaranty are employed. *Baldwin Fertilizer Co.* v. *Carmichael,* 116 *Ga.* 762 (42 S. E. 1002); *Schlittler* v. *Deering Harvester Co.,* 3 *Ga. App.* 86 (59 S. E. 342); *Fields* v. *Willis,* 123 *Ga.* 272 (51 S. E. 280); *Watters* v. *Herz,* 135 *Ga.* 814 (70 S. E. 343). It is contended, however, that as the contract of Baggs recites that it was executed "for value received," it must conclusively be presumed that it was founded upon an independent consideration, and parol evidence will not be heard to dispute it.

In this State the relation to the contract of one signing a promissory note may be shown to be different from that which it appears to be on its face. *Buck* v. *Bank,* 104 *Ga.* 660 (30 S. E. 872). By express provision of the code, "if the fact of suretyship does not appear on the face of the contract, it may be proved by parol." Civil Code (1910), § 3556.

The petition alleges that Baggs was an indorser, and that he received no independent consideration. This averment is equivalent to an allegation that he was merely an indorser for accommodation; and such an indorser is a surety and suable in the same county with the maker as a joint promisor. Civil Code (1910), § 3541; *Head* v. *Tappan,* 116 *Ga.* 930. The words, "value received," are always subject to explanation. *Bing* v. *Bank,* 5 *Ga. App.* 578 (63 S. E. 652); *Pitts* v. *Allen,* 72 *Ga.* 69; *Reviere* v. *Evans,* 103 *Ga.* 169 (29 S. E. 756); *Brewer* v. *Grogan,* 116 *Ga.* 60 (42 S. E. 525). In *Schlittler* v. *Deering Harvester Co.,* supra, the language of the contract was: "For value received, I hereby guarantee the payment of the within note." It appearing, from the evidence, that the sole consideration was the benefit to the principal, the contract was held to be one of suretyship. In the opinion it was said: "Nor do the words 'value received' conclusively import a consideration." In *Lacey* v. *Hutchinson,* 5 *Ga. App.* 865 (64 S. E. 105), it was held that a total want of consideration for a promissory note might be shown, though the note was under seal and recited that it was given "for value received."

While the court in that case dealt solely with the effect of the presence of a seal; the note did upon its face purport to have been given "for value received," and it is evident that the court did not deem these words so far conclusive as to prohibit parol proof that there was in fact no consideration. Whatever may be the rule elsewhere, it is apparent that in Georgia the words "value received" only prima facie import a consideration, and that, notwithstanding the use of these words, parol evidence is admissible to show there was really no consideration moving to the promisor. Under the allegations of the petition, Baggs was a surety for Deal, and, as such, was suable in Bibb county. In *Geiser Mfg. Co.* v. *Jones,* 90 *Ga.* 307 (17 S. E. 81), there was no averment that the contract was not in fact founded upon an independent consideration, and the words, "for a consideration not herein named," prima facie imported that it was.

There was no error in overruling the demurrer.

*Judgment affirmed.*