No. 9999.

COLLEY *v.* ROWAN.

Decided January 9, 1922.

Action on promissory note. Demurrer to complaint sustained and cause dismissed.

*Reversed.*

1. LIMITATIONS—*Statute of.* The running of the statute of limitations does not cancel the debt, the statute goes only to the remedy.

2. BILLS AND NOTES—*Promissory Note—Indorsement—Limitation.* The indorsement of a promissory note after delivery and which is not a part of the original transaction, creates a new contract and as to the indorser the statute of limitations begins to run from the indorsement.

*Error to the County Court of Routt County, Hon. Charles A. Morning, Judge.*

Mr. A. M. GOODING, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE TELLER delivered the opinion of the court.

Plaintiff in error brought suit against the defendant in error upon a promissory note upon which the latter was an endorser. The note was due June 14, 1913. The complaint alleged that Rowan endorsed the note on September 1, 1914. Suit was begun March 13, 1920. The defendant Rowan demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against the defendant, and that it showed upon its face that the cause of action had accrued more than six years before the commencement of this suit. The court sustained the demurrer and the cause is now before us on error to the judgment dismissing the action.

It is assigned as error that the court sustained the demurrer upon the ground that the statute of limitations had run in favor of the defendant. It appears that the court was of the opinion that the running of the statute cancelled the debt, and extinguished the note. That such is not the fact is so well settled as not to require the citation of authorities. The statute of limitations goes only to the remedy.

The court erred also in holding that six years had run in favor of the defendant endorser. That the endorsement creates a new contract is also well settled.

In Daniel on Negotiable Instruments, section 669, (5th ed.) it is said:

"The indorsement of a bill or note is not merely a transfer thereof, but it is a fresh and substantive contract, embodying all the terms of the instrument endorsed in itself. * * *. So entirely distinct and independent is the contract of the indorser of a note from that of the maker that at common law a separate action against each was indispensable."

That the statute of limitations begins to run from the indorsement, where, as in this case, the indorsement is

made after delivery, and not as a part of the original transaction, follows as a consequence of the above statement.  *Whisler v. Bragg,* 31 Mo. 124; *Cooper v. Dedrick,* 22 Barb. (N. Y.) 516.

In Wood on Limitations, Vol. 1, Sec. 134, it is said:

"The indorsement of a bill after it is dishonored creates a new contract as to the indorser and indorsee.  Thus, if A. is the holder of a dishonored bill, and three years afterwards he indorses it to B., while the indorser must sue the acceptor within six years from the time when the bill matured, yet he has six years from the date of the indorsement in which to sue A.  *  *  *.  The statute only begins to run from the date of indorsement, because that is the time when the right of action accrues against the indorser."

The complaint is in the usual form in an action on a promissory note, and is good as against a general demurrer.

For the reasons above stated the judgment is reversed.

MR. JUSTICE ALLEN and MR. JUSTICE BURKE concur.