MORGAN, APPELLANT, *v.* HUFFMANN, RESPONDENT.

(No. 5,917.)

(Submitted May 17, 1926. Decided June 11, 1926.)

[247 Pac. 326.]

*Promissory Notes—Action Against Indorser—Limitations of Actions—Notice of Nonpayment by Maker—Waiver—Appeal —Inviting Error—Findings—When Conclusive.*

Appeal and Error—Party Inviting Error by Conduct at Trial not in Position to Complain.
1. Where plaintiff during the trial of his cause in the district court failed to ask for leave to amend his complaint or have his action dismissed without prejudice after defendant had called attention to defects therein by repeated objections to the introduction of testimony, and insisted in putting in all his evidence and thus induced the court to consider it and render judgment on the merits, he will not be heard to urge error on the part of the court in holding the complaint sufficient since the error was committed at his invitation.

Promissory Notes—Payment of Interest by Indorser After Maturity Waives Notice of Nonpayment by Maker.
2. Where an indorser of a promissory note is sought to be held for its payment, waiver of presentment, demand and notice of nonpayment by maker arises from a payment by him of interest due on the note after maturity thereof.

---

1. See 2 R. C. L. 238.
2. See 3 R. C. L. 1187.

Same—Action Against Indorser—Payment of Interest by Indorser—
Limitation of Actions.
 3. If an indorser makes payment of interest on an overdue note,
the holder's right to maintain suit on the instrument is not barred
under section 9029, Revised Codes of 1921, if commenced within
eight years after such payment.

Same—Part Payment by Maker—Effect on Running of Statute of
Limitations in Action Against Indorser.
 4. Part payment on a past due promissory note by the maker
will not arrest the running of the statute of limitations as to an
indorser.

Same—Indorsement—Statute of Limitations Commences to Run, When.
 5. The indorsement of an overdue note creates a new contract
between the indorser and the indorsee, and the statute of limita-
tions begins to run in favor of the indorser on it at the date
of the indorsement.

Findings in Action Tried by Court—When Conclusive.
 6. Where the testimony in an action tried by the court without
a jury is conflicting but sufficient to support the court's decision,
the finding will not be disturbed on appeal.

Promissory Notes—Action Against Indorser—Evidence—Insufficiency.
 7. Where plaintiff in an action against the indorser of a promis-
sory note contented himself with introducing the note in evi-
dence, failing to show that defendant's liability had been fixed
by presentment to and demand of payment thereof from the
maker and notice of nonpayment to defendant, or facts excusing
presentment, demand and notice, or a waiver thereof by defend-
ant, judgment for defendant was proper.

---

 [1] Appeal and Error, 4 C. J., sec. 2611, p. 702, n. 61.
 [2] Bills and Notes, 8 C. J., sec. 992, p. 709, n. 7.
 [3] Limitation of Actions, 37 C. J., sec. 625, p. 1145, n. 73; sec.
627, p. 1149, n. 15.
 [4] Limitation of Actions, 37 C. J., sec. 649, p. 1169, n. 57.
 [5] Bills and Notes, 8 C. J., sec. 522, p. 344, n. 5; sec. 1364, p. 1056,
n. 81. Limitation of Actions, 37 C. J., sec. 205, p. 847, n. 14; sec. 779,
p. 1250, n. 83; sec. 782, p. 1253, n. 12.
 [6] Appeal and Error, 4 C. J., sec. 2855, p. 884, n. 37.
 [7] Bills and Notes, 8 C. J., sec. 739, p. 525, n. 32; p. 526, n. 34;
sec. 895, p. 637, n. 80; sec. 1364, p. 1056, n. 81.

*Appeal from District Court, Granite County; George B
Winston, Judge.*

ACTION by Cyrus J. Morgan against A. S. Huffman on two
promissory notes. Judgment for defendant, and plaintiff ap-
peals. Affirmed.

*Mr. J. J. McDonald* and *Mr. S. P. Wilson*, for Appellant,
submitted a brief; *Mr. Wilson* argued the cause orally.

---

 **3.** See **17 R. C. L.** 933.

*Mr. D. M. Durfee,* and *Mr. W. E. Moore,* for Respondent, submitted a brief; *Mr. Moore* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

In this action plaintiff seeks to recover judgment against the defendant as an indorser upon two promissory notes alleged to have been executed and delivered to a copartnership composed of this defendant and C. T. Huffman, now deceased, which was engaged in business under the firm name of C. T. Huffman.

In the first cause of action it is alleged that on July 6, 1911, one John Kaiser executed and delivered his promissory note to this partnership, due one day after date; that on or about December 19, 1911, said partnership indorsed and delivered this note to the plaintiff; that he is now the owner and holder thereof; and that no part of the same has been paid, except the interest down to January 6, 1922.

In the second cause of action the allegations are that on December 31, 1920, H. A. Terry gave his promissory note to this partnership, due one day after date; that on February 11, 1921, the partnership indorsed and delivered the same to the plaintiff, who is now the owner and holder thereof; that no part of the same has been paid, except the sum of $62.50.

In each of these causes of action it is alleged that the note therein mentioned has been "duly presented for payment and payment thereof demanded and refused." Judgment is asked for the balance due on the notes with attorneys' fees and costs.

The defendant, by way of answer, after admitting the existence of the partnership and the death of C. T. Huffman as set out in the complaint, denied all the other allegations thereof, and in addition set up numerous special defenses to each cause of action, among them being that the right to maintain a suit on the note mentioned in the first cause of action was barred by the provisions of section 9029, Revised Codes of 1921. Issue was joined on these defenses by plaintiff's reply thereto.

On June 6, 1925, the cause was brought on for trial before the court sitting without a jury.

When plaintiff called his first witness, the defendant interposed an objection to the introduction of any evidence upon either cause of action, on the ground that it was not alleged in either that demand for payment had been made upon the maker of either of the notes, the nonpayment thereof and notice of that fact given to the defendant, for which reason the complaint did not state a cause of action against the defendant. This objection was overruled, and thereupon both plaintiff and defendant introduced their evidence. Neither party requested the court to make special findings, and the court made none, but found the issues generally in favor of the defendant upon each cause of action, and entered judgment thereon which recites "that the defendant, A. S. Huffman, is entitled to have judgment rendered herein on the merits in his favor and against the plaintiff on both causes of action set out in the plaintiff's complaint."

From this judgment the plaintiff has appealed and in this court makes two contentions: (1) That the court should merely have entered a judgment dismissing the complaint instead of rendering and entering a judgment on the merits, for the reason that the complaint does not state a cause of action against the defendant; (2) that, if the court was warranted in entering a judgment on the merits, it should have been in favor of the plaintiff.

1. If it should be conceded that the court erred in holding [1] that the complaint in each of the two causes of action therein set forth stated facts sufficient to constitute a cause of action against the defendant, still the record shows that the plaintiff was permitted to introduce all the evidence which he produced in an effort to fix liability upon the defendant. When the alleged defect in the complaint was called to the plaintiff's attention at the opening of the trial and at different times during its progress by objection to the introduction of testimony, he could have asked leave to amend the complaint

so as to cure the defect, or he could have dismissed his action without prejudice; he did not, however, pursue either course, but insisted on putting in all of his evidence and thereby induced the court to consider it and render ·judgment on the merits.   If the court was at all in error, by doing so the error was committed at the plaintiff's invitation, and he cannot be heard to complain of it.   (*Canonica* v. *St. George*, 64 Mont. 200, 208 Pac. 607; *Ferris* v. *McNally*, 45 Mont. 20, 121 Pac. 889; *Pelican* v. *Mutual Life Ins. Co.*, 44 Mont. 277, 119 Pac. 778; *Bowlin Liquor Co.* v. *Fauver*, 43 Mont. 472, 117 Pac. 103.)

2. Upon the first cause of action the plaintiff introduced evidence for the purpose of showing that the copartnership composed of the defendant and C. T. Huffman had waived presentment, demand of payment, and notice of nonpayment of the note mentioned therein.   This note was· dated July 6, 1911, and when introduced in evidence bore indorsements showing payments of interest annually down to January, 1922.   The plaintiff's testimony tended to show that these payments of interest, in the years 1917 and 1918, were made by· the copartnership.   The plaintiff's own testimony in that connection was to the effect that the maker of the note, Kaiser, customarily left the money for the interest payments with C. T. Huffman for delivery to him; that in 1917 and 1918 plaintiff called upon C. T. Huffman to see about the interest payments when they became due, at which time said C. T. Huffman told him that Kaiser had not yet paid in the money, and thereupon he (C. T. Huffman) paid the money to the plaintiff and stated that he expected to get it back from Kaiser in a short time.   The maker of the note, Kaiser, testified that C. T. Huffman never at any time paid any interest on the note, but that he (Kaiser) had always left money for payment of the interest with Huffman before any of the payments were made.

In the view which the court had taken in sustaining the sufficiency of the complaint to admit evidence showing a waiver of presentment and demand of payment from· the maker and notice of nonpayment to the partnership as indorser so as

to establish liability on the part of the defendant as a member of the partnership which indorsed the note, if it accepted the plaintiff's theory of this testimony and found in accordance therewith, it must necessarily have determined the issues on the first cause of action in favor of the plaintiff, since a waiver [2] of presentment, demand, and notice of nonpayment arises from a payment by the indorser of interest due on a note subsequent to the time of its maturity. (Daniels on Negotiable Instruments, 6th ed., secs. 1165, 1166; 3 R. C. L. 1187; Bower on Waiver, sec. 96.) And from such a finding it would neces- [3] sarily have followed that the plaintiff's right to maintain the suit on the note set out in the first cause of action was not barred by the provisions of section 9029, *supra,* for, if it had found that the copartnership in fact made payments as indorser as late as 1918, that would have fixed the time of the commencement of the running of the eight-year period within which such suit could be brought (*Martin* v. *Cole,* 104 U. S. 30, 26 L. Ed. 647), and, as the complaint was filed on July 12, 1924, it would have been in time; but the part payment of a [4] note by the maker will not arrest the statute as to an indorser, since the latter's obligation is separate and distinct from that of the maker (1 Wood on Limitations, 4th ed., sec. 116b [3]; 3 Daniels on Negotiable Instruments, 6th ed., sec. 1215b; *Hunter* v. *Robertson,* 30 Ga. 479; *Mason* v. *Kilcourse,* 71 N. J. L. 472, 59 Atl. 21).

The indorsement of an overdue note creates a new contract [5] between the indorser and the indorsee (*Rosson* v. *Carroll,* 90 Tenn. 90, 12 L. R. A. 727, 16 S. W. 66), and the statute of limitations begins to run in favor of the indorser on it at the date of the indorsement. (2 Daniels on Negotiable Instruments, sec. 1215, p. 1363; *Graham* v. *Roberson,* 79 Ga. 72, 3 S. E. 611; *Colley* v. *Rowan,* 71 Colo. 17, 203 Pac. 669.)

In the light of the court's decision it is apparent that it accepted the testimony of the defendant, rejected that of the plaintiff, found that the partnership did not make the payments claimed by plaintiff, that it had not waived presentment

[76 Mont. 396.]

and demand of payment of the note made the basis of the first cause of action and notice thereof, and therefore that the defendant was not liable thereon as an indorser; and also that the plaintiff's right of action was barred under the provisions of [6] the above-cited statute. The testimony on this point was in direct conflict, but is sufficient to sustain the court's decision, and such finding cannot be disturbed on this appeal.

Under the theory adopted by the court, it would have been [7] competent for the plaintiff to have introduced evidence under his second cause of action for the purpose of showing that the defendant's liability as an indorser of the note therein set out had been fixed by the presentment and demand of payment thereof from the maker and notice of nonpayment to the defendant, or any facts legally excusing such presentment, demand, and notice, or a waiver thereof by the defendant or on his behalf. The plaintiff did not give evidence of any of these things, but contented himself by merely introducing the note in evidence. This was wholly insufficient to fix liability on the defendant as indorser of the note. (Secs. 8477 and 8496, Rev. Codes 1921.)

Under this state of the record the court would not have been justified in entering any judgment other than one in favor of the defendant upon the second cause of action contained in the complaint.

The judgment is affirmed.                    *Affirmed.*

MR. CHIEF JUSTICE CALLAWAY, and ASSOCIATE JUSTICES HOLLOWAY, GALEN and MATTHEWS concur.