**CONTINENTAL CASUALTY COMPANY, An Illinois Corporation, Plaintiff,**

**v.**

**Mrs. Clyde McKey WHITE, Defendant.**

**Civ. A. No. 431.**

United States District Court
M. D. Georgia,
Valdosta Division.

Nov. 29, 1957.

**612**

Cam. U. Young, T. Guy Connell, Valdosta, Ga., for plaintiff.

B. Lamar Tillman, Henry Brice, Valdosta, Ga., for defendant.

BOOTLE, District Judge.

For disposition now is defendant's motion to dismiss this action because the complaint fails to state a claim against defendant upon which relief can be granted.

The plaintiff sues the defendant upon a general contract of indemnity signed by her only, the pertinent portions of which are as follows:

"Whereas, the undersigned or one or more of them (hereinafter called the Indemnitor) have heretofore required and may hereafter require suretyship upon certain obligations of suretyship on behalf of the undersigned, or of one or more of them, or of some other person or corporation, and have applied, and one or more of them may hereafter apply to the Continental Casualty Company (hereinafter called the Surety) to execute such instruments, as Surety:

"Therefore, the undersigned do hereby, jointly and severally, undertake and agree:

\*　　\*　　\*　　\*　　\*　　\*

"Second—That the Indemnitor will perform all the conditions of each said bond, and any and all renewals and extensions thereof, and will at all times indemnify and save the Surety harmless from and against every claim, demand, liability, cost, charge, counsel fee (including fees of special counsel whenever by the Surety deemed necessary) expense, suit, order, judgment and adjudication whatsoever, and will place the Surety in funds to meet the same before it shall be required to make payment \*　\*　\*."

The complaint alleges that "in pursuance of said general contract of indemnity executed by the defendant, and

relying thereupon", the plaintiff became surety on two bonds in which the R. & S. Engineering Company, Inc. was principal and the United States of America was obligee, one being a performance bond and the other a payment bond, and also an additional performance and payment bond with the same principal and Paul Smith Construction Company as obligee. The plaintiff alleges that the sums which it has been called upon to pay and the claims now pending against it, by reason of its obligation as surety on said three bonds, aggregate $119,526.36, and plaintiff seeks judgment for said sum against the defendant.

The first ground of the defendant's motion is directed solely against what the defendant conceives to be the insufficiency of the complaint in that it fails to allege anywhere that the defendant did "require" suretyship or did "apply" to plaintiff to execute any instrument of suretyship, as contemplated by the preamble to the general contract of indemnity. In an effort to meet this attack, the plaintiff has amended, supporting its amendment by an affidavit of Maurice E. Kerr, the insurance agent instrumental in issuing said bonds, the effect of said amendment and affidavit being to allege that the principal, R. & S. Engineering Company, was engaged in the construction business and from time to time needed construction bonds; that defendant was the mother of the president of said principal and was an officer, stockholder and director of principal; that, at the request of her son, the defendant signed similar indemnity agreements with companies other than plaintiff; that on one occasion, defendant, pursuant to such an indemnity agreement, actually applied to another company for a bond to be issued to said principal, said bond not being involved in this suit; that affiant, Kerr, plaintiff's agent, would not write bonds for said principal unless the defendant signed such indemnity agreements; that Kerr knew that the defendant was financially interested in principal and was a stockholder and director of said corporation and that for those reasons and because of the relationship to the president that she was well informed concerning the operations of the corporation and knew of its bond requirements; that the defendant loaned some money to principal and that said general agreement of indemnity sued upon remained in full force and effect beyond the date of the execution of the bonds referred to in the complaint and until it was revoked by defendant by letter addressed to plaintiff, dated July 11, 1955, reading: "Reference bonds of R. & S. Engineering Company you are now notified to issue no further bonds in reliance upon my indemnity agreement."

After the filing of said amendment, defendant renews her motion to dismiss and urges that said amendment fails to accomplish its purpose for that it is still true that the defendant, even under the allegations of the amended complaint, has never *required* any suretyship and has never *applied* therefor. Defendant points out that under the contract of indemnity the defendant's obligation is to "perform all the conditions of each *said* bond" (emphasis supplied) and that "each said bond" is only such bond as shall have been required by the defendant *and* shall have been applied for by the defendant, this conjunctive requirement being specified in the preamble to the contract.

Bearing in mind that the contract sued upon is not itself an application for a suretyship bond and is not, by its terms, a blanket authorization for the writing of bonds for R. & S. Engineering Company, Inc., whose name nowhere appears upon said contract except in longhand at the very top thereof, as to its appearance the defendant deposing that it was added after the signing of said contract by her and the affidavit of the insurance agent, Kerr, saying in this connection that he does not recall whether or not said name was on the instrument when received from defendant, and bearing in mind that the complaint, as amended, nowhere positively alleges that the defendant either required or applied for a suretyship bond,

and there being a vast legal difference between a corporation's requiring suretyship and one of its officers or stockholders requiring suretyship, see Durham v. Greenwold, 188 Ga. 165, 3 S.E.2d 585, it may well be that this ground of defendant's motion is meritorious. I find it unnecessary to pass upon this question, however, in view of the disposition to be made of ground 2 of the motion.

█ Ground 2 of defendant's motion is to dismiss the action because the complaint fails to state a claim against defendant upon which relief can be granted, as more fully appears from the affidavit attached. The affidavit attached is that of the defendant and, among other things, says: "that at the time deponent signed said contract and for a number of years prior thereto and at all times since that time deponent was a married woman residing with her husband." This ground of the motion poses the question whether the indemnity contract would make the defendant a surety on the one hand, or a guarantor on the other. Section 503 of Title 53 of the Georgia Code Annotated is specific that a married woman "may not bind her separate estate by any contract of suretyship." If this indemnity agreement, therefore, would make her a surety, ground 2 of the motion should be sustained. If, on the other hand, it would make her only a guarantor she could be held liable. Wilson Bros. v. Heard, 46 Ga.App. 497, 167 S.E. 913; Durham v. Greenwold, supra. In reference to the distinction between suretyship and guarantyship, Title 103, Section 101, Georgia Code Annotated provides:

"The contract of suretyship is one whereby a person obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor. It differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor."

The decisions of the Georgia Courts teach that the last sentence of this code section cannot be taken too literally. For instance, in the guaranty relationship there need be no consideration at all other than the legal detriment incurred by the promisee, and if there be a consideration for the promise of the guarantor, it is immaterial whether or not the guarantor himself derives any immediate or direct benefit therefrom. Musgrove v. D. E. Luther Publishing Co., 5 Ga.App. 279, 63 S.E. 52. The many cases construing this code section make it clear not only that the one difference it specifies cannot be relied upon in that sometimes it does not exist, but makes it clear also that the section does not pretend to point out all of the differences. These cases discuss certain features or characteristics which are frequently found accompanying the one or other type of relationship, but point out that they are recognizing such features or characteristics only as earmarks and not as controlling. Musgrove v. D. E. Luther Publishing Co., supra. In Manry v. Waxelbaum Company, 108 Ga. 14, 18, 33 S.E. 701, 703, it is said: "It has been said that there is no instance in the books of a guarantor contracting jointly with his principal", and other language encountered occasionally might suggest that the surety must always join in the same instrument with his principal. This suggested earmark was rejected, however, when the question arose in McKibben v. Fourth National Bank of Macon, 32 Ga.App. 222, 122 S.E. 891, where it was held in headnote 2:

"It is true that in order to constitute one a surety his obligation must be 'identical with that of the principal' (Graham v. Roberson, 79 Ga. 72, 74, 3 S.E. 611; Etheridge v. [W. T.] Rawleigh Co. [29 Ga.App. 698, 116 S.E. 903], supra), but identity of obligation does not necessarily mean identity of instrument; and while a surety is usually bound with his principal by the same instrument (Musgrove v. D. E. Luth-

er Publishing Co., 5 Ga.App. 279, 281, 63 S.E. 52), this is not always true. The form of the contract is immaterial provided the fact of suretyship exists (Civil Code of 1910, § 3541), and one may assume that relation even by an instrument separate and distinct from that of his principal and also subsequent in time. Baggs v. Funderburke [11 Ga.App. 173, 74 S.E. 937], supra."

In Musgrove v. D. E. Luther Publishing Co., supra, 5 Ga.App. at page 284, 63 S.E. at page 54, it was said: "* * * the fundamental difference between these two classes of contracts is that the surety is primarily liable, while the guarantor is only secondarily liable. The surety joins in the promise which his principal makes, while the guarantor makes a separate and individual promise, in which his principal may or may not join, the sole purpose of which is to give the creditor additional recourse in the event he is unable to make his money out of the rights given him by the main contract." See also Nichols v. Miller, 91 Ga.App. 99, 101, 84 S.E.2d 841. 24 Am.Jur. 881, expresses it this way: "The agreement of the surety is that he will do what his principal has undertaken to do; the agreement of the guarantor is that the principal will do what he has agreed to do."

■ The defendant strongly urges that this essential ingredient of suretyship, that is, that the surety's obligation be identical with that of his principal, McKibben v. Fourth National Bank of Macon, supra, exists here. The principal on these bonds, R. & S. Engineering Company, Inc., was, of course, obligated under the principles of suretyship (Title 103, Section 302, Georgia Code Annotated) to indemnify the surety, Continental Casualty Company, against loss thereon, as well as being obligated to perform all of the conditions of the bonds. Defendant urges that these obligations resting upon the principal are the exact obliga-tions which the defendant assumed under the indemnity agreement, pointing out that the language over her signature says: "Indemnitor (the defendant) will perform all of the conditions of each said bond, and any and all renewals and extensions thereof, and will at all times indemnify and save the Surety harmless from and against every claim * * *" etc. The defendant says that this is precisely the obligation which rested upon the principal in favor of the surety and that while the defendant may not have been under any obligation to the obligees, the United States of America and Paul Smith Construction Company, in the construction contracts and was under no obligation to said obligees even under the performance and payment bonds, she did assume, by her indemnity contract, all of the obligations and the identical obligations which the principal on these bonds owed to the surety, Continental Casualty Company, and that, therefore, with respect to these obligations her indemnity contract would make her a surety in direct contravention of Code Section 503, Title 53, Georgia Code Annotated. Whether or not the defendant is correct in her contention that the indemnity agreement would make her a surety contrary to the letter of said statute, this Court is of the opinion and holds that there is another reason why this agreement is not enforceable against the defendant. Even under plaintiff's theory of the case this was an arrangement whereby the defendant, a married woman incapable of contracting suretyship, assumed the obligation sued upon in order to induce the plaintiff to contract such suretyship, and thereby she attempted indirectly to bind her separate estate to pay any losses which might result from the plaintiff's contract of suretyship. Such an arrangement to assume indirectly the hazards of suretyship is contrary to the spirit, if not the letter, of the Georgia statute and is condemned by the laws of Georgia as fully as a direct suretyship would be. Stafford v. Birch, 189 Ga. 405, 5 S.E.2d 744; National Bank

of Tifton v. Smith, 142 Ga. 663, 665 and 666, 83 S.E. 526, L.R.A.1915B, 1116.

Under plaintiff's theory that defendant is only a guarantor the complaint, as originally filed, was defective inasmuch as it contained no allegation that the plaintiff had obtained a judgment against the principal and had caused a nulla bona return to be entered thereon or that the principal was insolvent or could not be made to respond to a judgment if one were obtained against it. Bradley v. Swift & Company, 93 Ga.App. 842, 858, 93 S.E.2d 364. This defect, however, was cured by the amendment, paragraph 8 of which alleges that the principal was adjudicated a bankrupt and its assets are insufficient to permit payment of any dividend to plaintiff.

This contract, obviously drawn by the plaintiff, labels the defendant "Indemnitor". For a discussion of the difference between a contract of guaranty and one of indemnity, see Howell v. Commissioner of Internal Revenue, 8 Cir., 68 F.2d 447. This difference was recognized and dealt with in National Bank of Tifton v. Smith, supra, where the subterfuge there resorted to was stricken down as an attempt to make a married woman indirectly become a surety when she could not do so directly.

In Baggs v. Funderburke, 11 Ga.App. 173, at page 174, 74 S.E. 937, at page 938, the Court says that "in the usual indemnity contracts, the parties generally intend that the *indemnitor shall be surety*, although he receives an independent consideration." (Emphasis supplied.)

Ground 2 of the defendant's motion being supported by affidavit, which was presented to and not excluded by the Court, said ground of the motion is treated as one for summary judgment, in accordance with Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A., and all parties having been given reasonable opportunity to present all material matter pertinent to such a motion by Rule 56, Federal Rules of Civil Procedure, said motion for summary judgment is hereby granted.

Counsel for the defendant may prepare judgment accordingly and submit same to counsel for the plaintiff who shall have five days for suggestions as to form.