## Case No. 1,202.

### BEBEE et al. v. MOORE.

[3 McLean, 387.] [1]

Circuit Court, D. Illinois. June Term, 1844.

GUARANTY—CONSIDERATION—DEMAND—EVIDENCE.

1. A guaranty must have a consideration to support it.

2. If given at the time the contract, to which it relates, was entered into, the consideration will be found in the contract. But if entered into subsequent to the contract, it must be founded on a valuable consideration.

3. A receipt of a warehouse man, that he holds one hundred and fifty barrels of flour, subject to the order of A. B. may be explained and impeached, if A. B. has made no advance, nor incurred any responsibility on account of it.

4. To charge a guarantor, on his principal's failure to deliver flour, &c. a demand of the article when due must be made, and a reasonable notice of failure given to the guarantor.

[At law. Action upon a contract of guaranty by Beebe & Brothers against Francis Moore.]

Mr. Johnson, for plaintiffs.
Mr. Logan, for defendant.

OPINION OF THE COURT. This action is founded upon the following guaranty: "Quincy, January 23d, 1844. I hereby guarantee to Beebee & Brothers, of St. Louis, the delivery to them of eight hundred barrels of superfine flour, for account of D. G. Whitney, of this city, and to be manufactured at his mill, and to be sold by Beebe & Brothers, for his account; said delivery to be completed 1st of April next." Signed by defendant.

The third count in the declaration states, "in consideration that the plaintiffs would, at the special instance and request of the said defendant, advance and pay to one G. D. Whitney, a certain sum of money, to wit: the sum of five dollars upon each and every barrel of flour, &c.; eight hundred to be delivered," &c. Under the practice authorised by the statute of Illinois, a motion is made to strike out this count, on the ground that there is no consideration averred to support the guaranty. A guaranty must have a consideration to support it. If the contract of guaranty be entered into at the time of the contract, to which it relates, so as to constitute a part of the consideration of that

[1] [Reported by Hon. John McLean, Circuit Justice.]

contract, it is sufficient. But, if the guaranty be subsequent to the contract, there must be a distinct consideration to support it. The understanding of the defendant was founded upon the agreement by the plaintiffs to pay to Whitney five dollars for every barrel of flour, &c. Now this is a valid contract. One party agrees to deliver a certain number of barrels of flour to the other, and that other to pay so much per barrel for the flour delivered. This is a binding contract; it is sufficiently alleged in the count, and the motion to strike out is overruled. On the same day of the guaranty, it was proved a draft was drawn on plaintiffs for eight hundred and seventy-four dollars, by Whitney, which was subsequently paid. As the drawing of this draft and the guaranty bear date on the same day, the inference is a reasonable one, that the draft was drawn and accepted on the assurance the guaranty afforded, and this constitutes a consideration.

As an original ground of action against the defendant, unconnected with the guaranty, the following receipt was given in evidence: "Quincy, February 26th, 1844. Received of D. G. Whitney, in store, at his warehouse, one hundred and fifty barrels of superfine flour, which is to be held subject to the order of Beebee & Brothers, of St. Louis. Signed, Francis Moore." A deposition was offered to contradict this receipt, which was objected to, on which the judges were divided; the circuit judge being favorable to the admission of the evidence, and the district judge against it. On the same day of the date of the above receipt, a bill was drawn on the plaintiffs, by Whitney, for four hundred dollars, payable ten days after date, which the plaintiffs refused to pay. The evidence to impeach the receipt would be inadmissible, if the plaintiffs had incurred any responsibility or done any act on the credit of it; but as there is no such evidence produced, or any such ground assumed by the counsel, the circuit judge held the receipt might be explained or impeached. This is the common principle which applies to receipts. The fact of refusal by the plaintiffs to pay the draft on the credit of this flour, shows the nature of the transaction. It does not, in fact appear, that the plaintiffs had any other interest in this flour, than to sell it as commission merchants—never having made any advance on it, or in any way received prejudice by it.

The proof showed that the one hundred and fifty barrels had not been delivered, and the court instructed the jury that this receipt laid no foundation for a recovery, unless some advance on it had been made by plaintiffs, or some responsibility had been incurred by them. And the court instructed the jury, that to charge the guarantor, a demand of the flour on the 1st of April, and a reasonable notice of a failure to deliver it to the guarantor, must be proved. That the place where the flour was to be delivered by Whitney, not being specially named in the contract, it would be for the jury to determine the place from the circumstances of the case. That the usual place of delivery, if no facts were proved to control it, would be the mill of Whitney, at Quincy, and that if the jury should find that was the place of delivery, the demand was sufficient. Verdict, &c.