JACOB M. GAY, plaintiff in error, *vs.* G. W. MOTT, defendant in error.

A surety to a promissory note pleaded that he had signed the same after it had been executed and delivered by the principals and accepted by the holder, and that there was no consideration to him for such promise :

*Held,* That the Court below committed no error in sustaining the demurrer to such plea, as it was insufficient in law to bar a recovery against him, without further alleging that there was no consideration moving from the holder to the original promissors for such contract of suretyship.

Promissory notes. Sureties. Before Judge CLARK. Schley Superior Court. April Term, 1871.

Mott sued upon a promissory note made in 1866, payable to him "for value received," and signed as follows : "B. T. Peacock, M. R. Barney, J. M. Gay," averring that Gay was a security. Gay pleaded, "there is and was no consideration moving to or from him (Gay) in his signing, because said note had been executed and delivered by said Peacock and said Barney and accepted by him, and was complete and entire before said note was signed by him (Gay) as security." And said "note is without consideration, because it had been executed, made and delivered by said Peacock and said Barney, to plaintiff, and accepted by him, and said contract was full, entire and complete, before he (Gay) signed the same,

and after the same had been completed and executed as aforesaid, he (Gay) signed the same without any consideration whatever." A demurrer to these pleas was sustained by the Court, and that is assigned as error.

M. H. BLANDFORD, HENDERSON & HALL, B. B. HINTON, for plaintiff in error.

HAWKINS & BURKE, PHILIP COOK, for defendant, were stopped, *in limine*, by the Court saying they did not wish to hear from them.

LOCHRANE, Chief Justice.

This case comes before the Court upon the judgment of the Court below sustaining the demurrers filed to the sufficiency of the pleas. It appears by the record that suit was instituted in Schley county, by G. W. Mott, against certain parties, principals, and J. M. Gay, as security, upon a promissory note given by them to Mott. At the trial, Gay, by his attorney, pleaded that he was not indebted, etc., and that there is and was no consideration coming to or from this defendant, in the signing by this defendant, because he says that the note had been executed and delivered by the said principals and accepted by Mott, and was complete and entire before it was signed by him as security. The amended plea contains substantially the same averments. After striking the pleas the case went to the jury, who found for the plaintiff the principal sum due, and the question now before this Court is, whether by demurrer admitting the truth of the facts alleged in the plea, the judgment of the Court thereon sustaining such demurrer, was or was not erroneous. The general proposition that, to render one responsible for the debt of another, there must be a new consideration passing between the parties, and that the consideration between the original parties to the previous agreement is not sufficient, is a well recognized principle of law that does not need authority to support it; and where the fact of the signature

to the paper is not a part of the original contract, so as to be based on the original consideration, such signature, either to the instrument itself or by way of indemnity, needs some new consideration to support it: 9 Vermont Reports, 233. And if the signature be to a guaranty, and is subsequent to the contract, there must be a distinct consideration to support it: Beebe vs. Moore, 3 McLean, 387. And the same principle is found in the case of Greer vs. Jones, 7 Jones, North Carolina Reports, 581. And in Jocylen vs. Collinson, 26 Illinois, 61; and in Green vs. Shepherd, 5 Allen, Massachusetts, 589, it was held that one who signs as a principal promissor a promissory note which had been already delivered and accepted, was not liable thereon without independent proof of a new consideration. Under our Code, a consideration is essential to a contract which the law will enforce: section 2697. And the only question arising in this case is whether, under the facts pleaded, the law will presume a consideration, and whether the signature of the party as surety to the note, after it was executed and delivered and accepted by the party receiving it, imports such presumptive consideration as relates back to the original contract. This was a promissory note due twelve months after date, payable to Mott, or bearer, for a value received. The Code declares in some cases a consideration is presumed, and an averment to the contrary will not be received. Such are, generally, contracts under seal and negotiable instruments, alleging a consideration upon their face. Upon the face of this paper the signature of the party is binding; for it comes within the class of instruments where the consideration will be presumed, and where no averment to the contrary will be received. But the law not only distinguishes the class of instruments, but also the class of parties in whose hands such presumptions of consideration will be implied; and they must be innocent holders without notice, who have received the same before dishonored. The plea sets up that the note was executed, delivered and accepted, and that the contract in re-

Gay *vs.* Mott.

lation thereto was complete before his signature was attached thereto, and the record shows that the instrument remained in the hands of the original party to whom it was delivered, and consequently does not fall within section 2697 of the Code of this State, under these pleadings.   There is nothing in the plea in which it appears that it was a part of the original contract that this party should sign or other surety be given; nor is there any pretence of a request, either express or by implication of law, in the premises.   And the general doctrine seems to be, that where the contract is completed by the acceptance of the note, any subsequent promise to pay is an independent promise and must rest on some new consideration, to be obligatory, and will not be enforced unless the instrument was negotiable and was passed into the hands of an innocent holder without notice and before its maturity.   But the plea in this case fails to set up that there was no consideration moving to or from the original promissors in the contract by which such security was given; and the bare allegation that there was no consideration to the surety himself, was insufficient   It is not necessary, to bind the surety, that there should be a consideration to him, individually, for such suretyship.   If there be a valid consideration in the original contract out of which such securityship grew, it may be true that the contract was complete by the delivery of papers, and something subsequently transpired which made it necessary to give security upon valuable consideration, to the original promissors, and such consideration to them would be, in law, sufficient to bind such surety.   And, therefore, we hold that, inasmuch as this plea failed to allege the want of consideration to the principals, it was insufficient in law, and would not operate as a bar to the recovery of this note.

Judgment affirmed.