JOSEPH O. DAVIS, plaintiff in error, vs. HENRY BANKS et al., defendants in error.

(BY TWO JUDGES.)—1. Where A, a merchant, is indebted to B and C, and sells his goods to B for more than his indebtedness to him, and while B is in the act of taking possession of the goods, and of removing them out of the county, C threatens to sue out an attachment against the goods for his debt, in consequence of which threat, B promises that the surplus over and above his debt should go to the payment of the debt of C; whereupon C, relying on such promise, desists from suing out the attachment, the promise is an original undertaking on the part of B, and not a promise to answer for the debt, default or miscarriage of another, and hence need not be in writing.

3. Where a charge is asked, which some of the testimony warrants, it should be given, although such testimony may be in conflict with other evidence in the case. 12th March, 1872.

Statute of Frauds. Promise to pay another's debt. Before Judge GREEN. Spalding Superior Court. February Term, 1871.

The necessary facts are in the opinion.

SPEER & BECK, for plaintiff in error, cited 1 Par. on C., 444; Smith on C., 113, 118, notes; 5 Burr R., 186; 10 Wend. R., 461; 4 Cow. R., 432, 439; Roberts on Frauds, 252; 10 John. R., 412; 18th, 12; 10 Ga. R., 96; 14th, 683; 37th, 30; R. Code, sections 1940, 2906, as to Statute of Frauds.

PEEPLES & STEWART, for defendants.

MONTGOMERY, Judge.

William E. Davis and Cox were partners. In 1867, Davis sold out to Cox his interest in the partnership stock, consisting of boots, shoes, leather, etc., in their store, in Macon, for about $1,500, for which he took Cox's notes, payable to Joseph O. Davis, his father. Afterwards, Banks, the brother-in-law of Cox, bought out Cox, to secure an

indebtment of Cox to himself, of about $3,000—he agreeing to take the stock at $4,000, or about that sum.    While Banks was in the act of removing the goods from Macon to Atlanta, the attorney of Mr. Joseph O. Davis called at the store of Cox to secure the payment of his client's debt, if possible, Mr. Joseph O. Davis claiming to be the owner of the notes.    Mr. Lanier testified that he threatened to stop the removal of the goods, by legal process, unless some compromise was effected; whereupon Cox and Banks agreed, if he would not interfere, to give him Banks' note for the $1,000 over and above Cox's indebtment to Banks, which Banks was to pay, after satisfying Cox's debt to him, and upon receiving this promise, Lanier desisted from proceeding against the goods.    Both Cox and Banks deny making any such promise.    The goods were removed; Banks' note was demanded by complainant, which Banks and Cox refused; and the present bill is brought to compel a specific delivery of the note, or a payment of the money.    The Judge charged the jury "that, if they believed, from the evidence, the complainant had sued, or was about suing, an attachment against John W. Cox, one of the defendants, who was in the act of removing his goods, and selling the same to Banks, and, on an interview between counsel for complainant and defendants, Banks agreed and promised, if plaintiff would forbear to levy said attachment, he (Banks) would, as soon as an invoice of said goods could be taken, give his note to complainant for at least the sum of $1,000, or a larger sum, if said excess of goods was over that sum, over and above his debt against Cox, and you believe the complainant did forbear to levy his attachment, and that Banks got the benefit of said goods, then you may find and decree that Banks should pay that amount, or a larger amount, if said excess exceed the $1,000, over and above Cox's indebtedness to Banks—*if you believe Banks' agreement to the complainant was in writing, and signed by him, or some one by him duly authorized.*"

The jury found for the defendants, and complainant excepted to the qualification of the charge, as contained in the last clause, which I have put in italics—equivalent to a a request for the charge without the qualification.    We think the qualification was wrong, and that the complainant was entitled to the charge without it.    Assuming Lanier's evidence to be correct, the promise of Banks was an original undertaking, and not a promise to answer for the default or miscarriage of another: *Hodgson vs. Anderson,* 3 B. & C., 842.    *Dixon et al. vs. Hatfield,* 2 Bingham, 439. *Tanner vs. Grover,* 9 Rich., 306.    Chitty on Contracts (9th Am. ed.), 451–2, and cases there cited.    In which last authority it is laid down, " although the debt of another form the subject-matter of the defendant's undertaking, still, if he promised to pay the debt upon some new consideration, raised by himself, and the consideration was the creditor's resignation of a charge or lien on goods, which afforded him a remedy or fund to enforce payment, the case does not fall within the statute."    Again, " it may be questioned whether any case similar to those above cited would now be held not to be within the statute, unless it appeared that the promisee, *by giving up his lien or charge on the property of the party originally liable, had left himself wholly without a remedy against him.*"    (It is alleged, in the bill, that Cox is wholly insolvent.) " Where, therefore, the plaintiff, who had a judgment and execution against one L. was induced, by defendant, to withdraw the execution, the latter taking an assignment of all L.'s property, and undertaking to pay the plaintiff's debt, it was held that this was not a promise within the statute, because, by the arrangement, L. had been discharged.    *Ibid.,* 452.

We think, then, at common law, the undertaking of Banks was an original one.    But was not the agreement between Lanier, Cox and Banks an assignment of the debt of the last-named to the complainant, in payment of Cox's debt to him, assuming, of course, Lanier's statement to be

correct ?   If so, the Statute of Frauds is not applicable to the case, in any view.   Upon a review of all the facts, we reverse the judgment.