JESSE W. CARROLL, plaintiff in error, *vs.* JAMES H. TURNER, defendant in error.

One who stands by and sees another assert title to and give a mortgage upon his own land, is not estopped from setting up title thereto, if he give notice ·to the mortgagee of his, the claimant's, title, and the mortgagee acts with a full knowledge of the truth of the matter.

Mortgage. Estoppel. Title. Before Judge HALL. Rockdale Superior Court. February Term, 1874.

This case arose upon the levy of a mortgage *fi. fa.* in favor of Turner against James H. Carroll and Elizabeth Carroll on certain land, and a claim filed thereto by Jesse W. Carroll. Upon the trial it was undisputed that the title to the property was in the claimant, but it was asserted that he was estopped from setting up such title on account of having been present at the execution of the mortgage.

The evidence showed that claimant, prior to the execution of the mortgage, had agreed to sell to James H. Carroll the land in controversy for $500 00, and had given to him a bond conditioned to execute a title on the payment of the purchase money; that he had paid $230 00, but had subsequently agreed with claimant to rescind the trade, allowing the aforesaid payment to go in settlement of rent and other debts due. That the plaintiff was notified of these facts at the time of the execution of the mortgage.

It is not clear when the cancellation of the trade between claimant and James H. Carroll was made, but it is to be deduced from the testimony that it was after the execution of the mortgage.

The jury found the land subject. The claimant moved for a new trial because the verdict was contrary to the law and the evidence. The motion was overruled, and claimant excepted.

J. J. FLOYD; A. C. PERRY, for plaintiff in error.

CLARK & PACE, for defendant.

McCay, Judge.

The whole of the doctrine as to the effect of one man's standing by and seeing another make title, or give a mortgage on his, the bystander's, land, turns on the idea of fraud, deception. He, the bystander, is estopped, because it would be a fraud on the grantee for him to set up his legal rights under the circumstances. But in this case the grantee got full notice of the right of the claimant, at least so far as that he still held the title, and had not been paid the purchase money. So far as this interest is concerned the fraud, if any, seems to have been in the other, for, with a full knowledge that the land was not paid for in full he took the mortgage on the idea that by this device he was getting the advantage of the old man. There is no estoppel, so far as the legal right to the land is concerned, and under the pleadings as they stood, the land was not subject. The land must be paid for before it is, as such, subject to the disposition of the vendee who only gets a bond for titles. Doubtless the holder of this mortgage has equitable rights, and we agree that after the vendor is paid his money, the balance of the purchase money, anything left, would be subject to the mortgage, for one can mortgage an equity.

Judgment reversed.