21740. WALLS *v.* MUSCOGEE BANK & TRUST CO.

DECIDED DECEMBER 15, 1931.

·*Robinson & Flynt,* for plaintiff in error.

*Neill & McGee,* contra.

LUKE, J. To an action on a series of promissory notes, instituted by the Muscogee Bank & Trust Company against W. D. Walls and others, Walls filed a plea and answer in which he admitted the execution of the notes and the right of the plaintiff as holder and owner thereof, but denied liability thereon and alleged, that "there was and is no consideration of the notes sued on in this case; that at the time of the execution of these notes by the makers thereof the notes as alleged in the petition in paragraph 2 were made and executed together with four additional notes of $75 each, which were signed in the same form and manner as those described in said petition; that at the time of the execution aforesaid and delivery thereof to the said plaintiff, the said makers, W. D. Walls, Joe Flynn, and W. Y. Skinner, only received the sum of $300, and that, pursuant to the execution and delivery of said notes, the first four notes became due, to wit, the four notes of $75 each, together with interest thereon, were duly paid on their due dates, and that the payment thereof fully paid up and discharged their legal obligations to the said bank for the loan of the said money aforesaid, to wit, $300; that no other moneys and no other

consideration of any kind or character moved the defendants to sign the said notes other than the consideration aforesaid, to wit, the loan of $300, and that therefore the notes sued on in this case were without consideration and a nudum pactum of no force and effect." A general demurrer to this plea, as well as to two pleas in abatement of the action, was sustained, and exceptions were taken.

Clearly, we think, the plea quoted from can not be sustained as sufficient in law. It describes a single transaction involving a series of notes, admits the receipt of $300 of the proceeds of notes, and at the same time attempts to set up a failure of consideration. Its averments neutralize themselves. Such a plea is manifestly bad.

The first of the pleas in abatement avers that "While it appears on the face of the proceedings that W. D. Walls and another defendant, to wit Joe Flynn, are the makers of said note, as a matter of fact Robert W. Nichols should be sued as principal on said note, for that the said Robert W. Nichols is primarily liable on said note notwithstanding his name appears only as an indorser on same." The plea sets up no substantial reason why the action should not proceed. The fact pleaded, or attempted to be pleaded, is wholly immaterial, and furnishes no ground for an abatement of the action. The general demurrer to this plea was properly sustained.

The second of the pleas in abatement avers: "that there was no consideration flowing to this defendant for the execution of said note, and he, the said W. D. Walls, is not indebted for the amount sued for or in any other amount to the said plaintiff; but the consideration of the said notes was obtained by the said Robert W. Nichols, and that he, the said Robert W. Nichols, is a necessary party to the action; that the said Robert W. Nichols is not beyond the jurisdiction of the court, but is a resident of the State of Georgia and county of Fulton, and can be served and made a party to the cause. For the reasons as above stated, the court should not try the said cause at this time, but the same should be abated until the said Robert W. Nichols is made a party and is properly before the court as a defendant in said cause. Here, again, we think the general demurrer was properly sustained. It is not necessary, in order to bind a surety, that there should be a consideration to him individually for the suretyship. It is sufficient if there be a valid con-

sideration out of which the suretyship grew. *Gay* v. *Mott,* 43 *Ga.* 252, 255. Although the plea avers that "W. D. Walls is not indebted for the amount sued for or in any other amount to the said plaintiff," it is insufficient as a plea of nil debit. It concludes with an averment that the action should be abated; and evidently was not intended to serve the purpose of a plea in bar. It sets up no sufficient ground for abatement of the action. It was not error to sustain the general demurrer to the plea and answer.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*