## 21918. DUNSON v. HARRIS.

JENKINS, P. J. 1. If the owner of property stands silently by and permits another to mortgage it to a third person, he will be estopped to assert his title thereto as against the mortgage. Civil Code (1910), § 4419; *Carroll* v. *Turner*, 54 *Ga.* 177; *Ford* v. *Blackshear Mfg. Co.*, 140 *Ga.* 670 (3) (79 S. E. 576). In the instant case there was testimony to the effect that the claimant of the property levied upon, who was the wife of the mortgagor, was present when the mortgage was taken in good faith by the plaintiff in fi. fa. and the credit was extended to the husband; that the mortgage was read in her presence and that she could have heard it read. The jury in the justice's court were authorized, therefore, to find that she had stood silently by and permitted the husband to mortgage her property as his own and obtain credit thereon from one who took the mortgage in good faith.

2. "Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." Civil Code (1910), § 5927. A verdict, though not explicit in its terms, the intent of which is apparent from the pleadings and the evidence, must be construed with reference thereto. *Nottingham* v. *Nicholson*, 42 *Ga. App.* 628 (157 S. E. 118), and cit. The verdict in the instant claim case, where the only issue involved was whether the par-

ticular property levied upon was subject to the plaintiff's mortgage execution, and which verdict was in the language, "We, the jury, find the property of the defendant is subject to the fi. fa.," was properly construed as a verdict finding the property levied upon subject.

3. Under the foregoing rulings the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JULY 15, 1932.

*M. J. Head,* for plaintiff in error.
*D. B. Howe, Walter Matthews,* contra.