### 24228. FEDERAL INTERMEDIATE CREDIT BANK v. SHERROD.

JENKINS, P. J. To certain mules levied upon in the foreclosure of a bill of sale to secure debt, a claim was filed. The bill of sale included also other livestock and personalty, and contained a covenant and warranty of title which stipulated that the property was "free and clear of all rights and encumbrances." Immediately following the note and bill of sale, signed by the debtor alone, appeared the following waiver, which the evidence showed, without dispute, was signed by the claimant, the mother of the maker of the bill of sale: "Waiver of landlord's liens. In consideration of money represented by the note on the adverse side

hereof and secured by above bill of sale as and for the purpose therein set forth, the undersigned owner of the premises therein described does hereby waive the liens of the landlord for rent and for supplies under the laws of Georgia in favor of said note and bill of sale and the indebtedness secured thereby, to the end that the said note and bill of sale shall have priority over the landlord's said liens for rent and for supplies until the indebtedness secured thereby has been paid in full, including accrued interest, attorney's fees and costs of collection." The claimant testified by deposition that the mules belonged to her, but did not testify as to whether she had read or had knowledge of the contents of the bill of sale at the time she signed the waiver. Her husband testified to the signing of the waiver by her. His other statements were ambiguous and contradictory. While he testified in general terms that "she did not know nothing about what mules or nothing that was in that mortgage," and "she did not read this before she signed it," and further that he did not "expect she read it, I am satisfied that she did not know anything about it and I never told her," and "I don't think I talked with her about a mortgage on her mules at all," he nevertheless testified that he and the debtor, her son, "told her that we had given a mortgage on all of the mules. . . We called them by names, Mat and Ora,—they have all got names." The bill of sale thus described the animals the same as in the claim. The bill of sale and the waiver were admitted in evidence without objection. The jury found the property subject, and the court granted a new trial on the ground that it had erroneously charged that the claimant had admitted signing the landlord's waiver. The plaintiff excepts to this judgment, on the ground that, under the rules of estoppel, a verdict was demanded against the claimant; and assigns error on exceptions pendente lite to the exclusion of some of its evidence. *Held:*

1. "In order for an equitable estoppel to arise, there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his injury." Civil Code (1910), § 5738. Where one knows that he owns the title to or an interest in real or personal property, and knowingly permits or acquiesces in its sale, encumbrance, or pledge by another, he will be estopped from setting up his title or interest against the person who by such conduct has been misled to his injury. *Caraker* v. *Brown*, 152 *Ga.* 677 (111 S. E. 51); *Georgia Pacific Ry. Co.* v. *Strickland*, 80 *Ga.* 776 (6 S. E. 27, 12 Am. St. R. 282); *Carroll* v. *Turner*, 54 *Ga.* 177; *Ford* v. *Blackshear Mfg. Co.*, 140 *Ga.* 670 (3) (79 S. E. 576). However, where the estoppel relied upon is not one by deed or from an express contract, signed by the person against whom the rule is invoked, and is merely an equitable estoppel, it is the general rule that such person must, before the injury, have had actual knowledge of the transfer, sale, or encumbrance, and the material facts and circumstances attending the transaction. See *Dunson* v. *Harris*, 45 *Ga. App.* 450 (164 S. E. 910). The rule as to estoppel by contract is more comprehensive, and it has been held that, even where one is not a party to the sale itself, but where his name is signed on the paper so as to give it authenticity and credit, as in attesting a deed,

"there is a presumption that he knows of its contents; and unless this presumption is removed, he is estopped from asserting, against the grantee therein, an interest based on any right then outstanding in himself." *American Freehold Land Mortgage Co.* v. *Walker*, 119 *Ga.* 341 (2, 3), 343 (46 S. E. 426); *Butt* v. *Maddox*, 7 *Ga.* 495 (4), 504. A like presumption would seem to exist where one, although not a party to the instrument of sale, signs an ancillary agreement thereon, which agreement is material to the force and effect of the instrument on the signer, and which expressly refers to the preceding instrument.

2. In the instant case, whether effect be given to the rule of equitable estoppel or the rule of estoppel by contract, the result would be the same. Even if the claimant by her signature to the waiver of her landlord's lien against the immediately preceding bill of sale to secure debt, and by the express reference in her waiver to such bill of sale, did not in effect so recognize the covenant and warranty of title made by the debtor in the bill of sale to the property in question as to be conclusively bound thereby the same as if she had signed the bill of sale as a party thereto, she will at least prima facie be presumed to have read the bill of sale, to which she expressly referred, or to have had knowledge of its essential contents. She will be assumed not to have acted without knowledge of the property on which she expressly waived her lien. The burden was upon her to negative this presumption, and this she failed to do by her own or other testimony. A verdict was therefore demanded against the claimant; for, while she did not admit that she signed the waiver, the evidence that she did so was in no wise disputed. The slight inaccuracy in the charge was immaterial, and did not authorize the setting aside of the verdict and judgment.

3. In view of this final disposition of the case, the exceptions pendente lite of the plaintiff in execution need not be considered.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 2, 1935.

*Martin, Martin & Snow, Price & Spivey,* for plaintiff.
*Alfred Herrington Jr.,* for defendant.

