## 50785. FRIEDLAND v. CITIZENS & SOUTHERN SOUTH DEKALB BANK.

EVANS, Judge.

Robert A. Friedland executed an instrument of guaranty to Citizens & Southern South DeKalb Bank for

value received and in consideration of a personal loan to Timothy C. Taylor by said bank. Taylor had been in the general apartment maintenance business and had made several loans from the bank. At the time of this transaction, he had become an employee of Friedland.

The guaranty instrument was prepared by the bank and sent to Friedland for execution, who had his attorney add a paragraph that the liability of the guarantor was limited to the indebtedness in the maximum sum of $15,000.

Taylor defaulted on the indebtedness, and Citizens & Southern South DeKalb Bank sued Friedland on the guaranty. At the trial, before the court without a jury, the court found that Taylor, as an employee of defendant, could not properly perform his duties as a result of his indebtedness to the plaintiff; and that defendant desired Taylor to be free of concern as to this indebtedness so he could perform his duties more effectively for defendant.

The conclusion of law by the court was that plaintiff recover judgment against defendant in the sum of $13,905.72 principal, $2,162.93 interest, and $2,410.59 attorney fees. Defendant appeals. *Held:*

1. The first issue for determination is whether the evidence was sufficient to support the court's finding that there was a consideration for the guaranty. A contract of guaranty must, like all other contracts, be based on a consideration. A guaranty, as distinguished from a contract of suretyship, in which a person obligates himself to pay the debt of another in consideration of credit or indulgence or other benefit given to the principal, requires consideration as a benefit flowing to the guarantor. Code § 103-101.

2. The contract of guaranty must be founded on some new type of independent consideration flowing directly to the guarantor. *Brilliant Coal Co. v. Gandy,* 51 Ga. App. 264, 267 (180 SE 379).

3. A past consideration — one which has already served its purpose in a former transaction — is not sufficient to support a contract of guaranty; and although such a contract had been executed subsequent to the main contract, it must be supported by a new consideration. *Hargroves v. Cooke,* 15 Ga. 321; *Musgrove v. D. E. Luther*

*Pub. Co.,* 5 Ga. App. 279, 283 (63 SE 52).

4. The mere naked promise to pay the debt of another, by which the principal gains no benefit and the creditor incurs no detriment, is ineffectual to create any kind of guaranty contract. *Gay v. Mott,* 43 Ga. 252, 254; *Davis v. Banks,* 45 Ga. 138; *Hollingshead v. American Nat. Bank,* 104 Ga. 250 (30 SE 728); *Musgrove v. D. E. Luther Pub. Co.,* 5 Ga. App. 279, 283, supra.

5. But the testimony here was that defendant wanted Taylor to operate in his business with a free and clear conscience. Defendant testified that before the contract, Taylor was concerned about his financial problems; wanted to get them resolved with the bank; was not performing 100% on the job; and "was only giving lesser percentage." This evidence implies that the employee Taylor was not giving defendant 100% on the job because of his concern for the indebtedness. Hence, there was evidence of a direct benefit to the guarantor which he would receive by executing the guaranty contract. This was one of the terms upon which the bank would extend the indebtedness to Taylor. This evidence was sufficient to support the findings of the lower court.

6. The agreement states that the right of recourse against defendant is limited to $15,000, plus interest on such amount and plus any expense of enforcing this guaranty including 15% of the total amount due as attorney fees if collected by law. Before the defendant executed this instrument the following was added: "Notwithstanding any other terms, provisions or conditions of this agreement, the liability of guarantor under this agreement shall be limited to the indebtedness of debtor herein to bank as of the date of this agreement in the maximum sum of $15 M; and guarantor shall not be liable for any other sums which bank may lend to debtor after the date hereof." This agreement specifically means that the indebtedness of the debtor was in the maximum sum of $15,000 and guarantor would not be liable for any other sums which the bank might lend to the debtor. This added clause did not have reference to the interest or attorney fees.

7. The court did not err in rendering judgment against the defendant having evidence to support same.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED JUNE 30, 1975 — DECIDED SEPTEMBER 2, 1975.

*Martin L. Fierman, Robert A. Fierman,* for appellant.

*Alston, Miller & Gaines, Jack H. Senterfitt,* for appellee.