## 57328. JACKSON v. FIRST BANK OF CLAYTON COUNTY.

BIRDSONG, Judge.

The First Bank of Clayton County, Georgia, brought this action against Mr. J. H. Jackson, alleging that he "signed the note [of his son] as co-guarantor and under the terms of the instrument is liable jointly and severally. A copy of the guaranty of payment is attached . . ." The trial court granted plaintiff's motion for summary judgment. Defendant Jackson brings this appeal. *Held:*

The motion for summary judgment was supported by the affidavit of plaintiff's vice president, who stated, inter alia: "The proceeds from this loan which totaled $50,000 were not distributed until after the guaranty was signed. This guaranty, signed by J. H. Jackson, who is the father of Michael Jackson, was required before final approval of the loan and *but for* this guaranty, the proceeds would not be disbursed."

In response to plaintiff's interrogatories, Mr. Jackson stated: "J. H. Jackson received no consideration in support of his signing the guaranty form. He did not receive any of the funds. Further, at the time of his affixing his name to the guaranty form, the transaction had been previously completed between the bank and Michael H. Jackson; and the bank incurred no additional liability as a result of J. H. Jackson affixing his signature to the guaranty form. J. H. Jackson did not affix his signature simultaneously with the transaction between Michael Jackson and the bank, but was requested to do so at a later date after money had been disbursed and the liability of the bank established."

The affidavit of Michael Jackson reveals: "At the time the loan was made by the Plaintiff [Bank] to [him], the guaranty form had not been executed. The proceeds from the loan were disbursed by the Plaintiff to [him] the day the loan was made and the guaranty was not executed until the following day."

The minutes of the Board of Directors of the bank reveal that on "February 18, 1975" they approved a loan to "Michael H. Jackson, endorsed by J. H. Jackson . . ." The promissory note is dated "2/19/75" and the "Security

Agreement" is also dated "this 19th day of February, 1975." On the last page of the Security Agreement is Michael Jackson's signature, and "Accepted: Feb. 19, 1975, First Bank of Clayton Co., by [Illegible signature]."

There is a definite conflict in the testimony of the plaintiff's vice president and that of the defendant and his son. The vice president stated that the proceeds were not distributed until "after the guaranty was signed." Michael Jackson stated that the proceeds "were disbursed by the Plaintiff to [him] the day the loan was made" — February 19, and the guaranty was not executed until the following day. His father's testimony corroborates this statement.

A summary judgment may be granted if the evidence shows "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law . . ." Code Ann. § 81A-156 (c) (CPA § 56 (c); Ga. L. 1966, pp. 609, 660 through 1975, pp. 757, 759). Is this issue of fact material to any genuine issue? We find that it is not and affirm.

The document signed by the defendant, which apparently is the reverse side of the promissory note, is titled: "Guaranty of Payment" and states: "For value received, the undersigned (who if two or more in number, shall be jointly and severally liable hereunder) hereby unconditionally guarantee(s) the payment of the Note on the reverse side hereof and all extensions or renewals thereof, and all expenses (including attorney's fees) incurred in the collection thereof, the enforcement of rights under any security therefor and the enforcement hereof, and waive(s) presentment, demand, notice of dishonor, protest. and all other notices whatever, and agree(s) that the holder of said Note may from time to time extend or renew said Note for any period (whether or not longer than the original period of said Note), may from time to time and without notice surrender, compromise, substitute or exchange all or any part of the Collateral described on the reverse side hereof, and may grant any releases, compromises or indulgences with respect to said Note or any extension or renewal thereof or any security therefor or to to [sic] any party liable thereunder or hereunder (including but not limited to failure or refusal

to exercise one or more of the rights or remedies provided by said Note), all without notice to or consent of any of the undersigned and without affecting the liability of the undersigned hereunder, any of whom may be sued by the holder hereof with or without joining any of the other indorsers or makers of this Note and without first or contemporaneously suing such other persons, or otherwise seeking or proceeding to collect from them.

"Given under the hand and seal of each of the undersigned."

The bank argues, in its appellate brief, "that J. H. Jackson, the appellant, is also totally liable under a Suretyship theory;" that the "approval by the Directors of the endorsed loan on February 18, 1975 and Michael Jackson's signature on the loan contract on February 19, 1975 . . . [and] J. H. Jackson's signature on the Guaranty" prove "that this was one transaction . . . Whether J. H. Jackson signed on the 19th or 20th of February is totally immaterial." We agree.

Did J. H. Jackson sign as a guarantor or as a surety? Code Ann. § 103-101 defines surety as follows: "The contract of suretyship is one whereby a person obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor. It differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor." In a contract of suretyship, the only necessary consideration flows to the principal. In a contract of guaranty, consideration flows to the guarantor. " 'A promise to pay the pre-existing debt of another, without any detriment or inconvenience to the creditor or any benefit secured to the debtor in consequence of the undertaking, is a mere *nudum pactum.*' " *Carlisle v. Gen. Tire Service Co.,* 86 Ga. App. 807, 811 (72 SE2d 568). A contract of guaranty must be founded on some new type of consideration, independent of that flowing to the principal, and flowing directly to the guarantor. *Friedland v. C. & S. South DeKalb Bank,* 135 Ga. App. 591, 592 (218 SE2d 302). Past consideration, one which has already served its purpose in a former transaction, will not support a contract of guaranty. Id. In the same manner, neither will past

consideration support a contract of suretyship. *Ellis v. Chem-Tech Finishers,* 140 Ga. App. 180, 181 (230 SE2d 340).

In our opinion, the contract sub judice was a contract of surety. In this case, J. H. Jackson obligated himself for the payment of his son's debt. No consideration flowed to J. H. Jackson. This is further substantiated by affidavits of J. H. Jackson and Michael Jackson.

Appellant places a great deal of emphasis on the allegation by appellant and Michael Jackson that the guarantee was signed by J. H. Jackson a day after the proceeds were disbursed. In our opinion, this has no effect, assuming that the signature of J. H. Jackson was secured the day after the proceeds of the loan were disbursed. (Appellee contends the funds were disbursed on the same day.) The Supreme Court of this state in *Gay v. Mott,* 43 Ga. 252 had the following facts before them. A surety to a promissory note pleaded that he signed the same *after* it had been executed and delivered by the principals and accepted by the holder; the surety pleaded that there was no consideration to him for such promise. The Supreme Court held that such a plea was insufficient as a matter of law to bar a recovery without alleging there was no consideration moving from the holder to the original promissors.

In the instant case, there was consideration from the appellee (holder) to the original promissor (Michael Jackson).

The appellant and his son by sworn affidavits showed that no consideration flowed to appellant. In *Kennedy v. Thruway Service City,* 133 Ga. App. 858, 862 (212 SE2d 492), this court stated: "Parol evidence is admissible to show that there was no independent consideration flowing to those signing a contract as guarantors, and that the contract is one of suretyship . . . No consideration flowed to those signing the contract, and their liability, if any, would be that of sureties, and not that of guarantors."

An allegation that a defendant is sued as indorser of a promissory note, but that he received no independent consideration, is equivalent to an averment that he is an accommodation indorser or *surety. Baggs v. Funderburke,* 11 Ga. App. 173 (3) (74 SE 937).

A surety cannot defeat liability by proving merely that he received no monetary consideration; he would have to show that his principal did not receive any consideration or benefit from the paper sued on. *Tennille Banking Co. v. Ward,* 29 Ga. App. 660 (1)(a) (116 SE 347).

Furthermore, appellant J. H. Jackson is estopped. "The rule as to estoppel by contract is more comprehensive, and it has been held that, even where one is not a party to the sale itself, but where his name is signed on the paper so as to give it authenticity and credit, as in attesting a deed, 'there is a presumption that he knows of its contents; and unless this presumption is removed, he is estopped from asserting, against the grantee therein, an interest based on any right then outstanding in himself.' [Cits.] A like presumption would seem to exist where one, although not a party to the instrument of sale, signs an ancillary agreement thereon, which agreement is material to the force and effect of the instrument on the signer, and which expressly refers to the preceding instrument." *Federal Intermediate Credit Bank v. Sherrod,* 50 Ga. App. 501, 502 (178 SE 477).

"An estoppel arises where a party has so acted that he has by his conduct either *gained some advantage for himself or caused some disadvantage to accrue to another by reason of which it would be contrary to equity and good conscience to permit him thereafter to allege and prove the truth.*" (Emphasis supplied.) *Cloud v. Bagwell,* 83 Ga. App. 769 (64 SE2d 921).

The trial judge was correct in granting summary judgment to the appellee.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur. Smith, J., disqualified, and Shulman, J., not participating.*

ARGUED MARCH 12, 1979 — DECIDED JUNE 5, 1979.

*Thompson, Stovall, Stokes & Thompson, Fletcher Thompson,* for appellant.

*K. Van Banke,* for appellee.